# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.   Case No.:  8:15-CR-170-T-26TBM

**PEDRO ANTONIO MERO-BERMELLO**
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR A SENTENCE OF ONE HUNDRED AND TWENTY (120) MONTHS INCARCERATION AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, the Defendant, PEDRO MERO-BERMELLO, by and through his undersigned counsel, A. FITZGERALD HALL, pursuant to 18 U.S.C. §3553(a), and moves this Court to: **ENTER A SENTENCE OF ONE HUNDRED AND TWENTY (120) MONTHS INCARCERATION**. As grounds for this motion, the Defendant offers the following:

### INTRODUCTION

1.   On May 21, 2015, Mr. Mero-Bermello was indicted for count one, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)ii; and count two, knowingly and intentionally, while aiding and

abetting others, possess with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)ii) (Doc. 1).

2. On June 4, 2015, Mr. Mero-Bermello was arrested on the aforesaid indictment (Doc. 8). On June 5, 2015, Mr. Mero-Bermello made his initial appearance before this Court and entered a plea of not guilty (Doc. 10). Mr. Mero-Bermello was ordered detained (Doc. 18).

3. On July 31, 2015, pursuant to a plea agreement, Mr. Mero-Bermello appeared before this Court and entered a guilty plea to count one of the indictment (Docs. 28 & 33).

4. This Court accepted Mr. Mero-Bermello's guilty plea and scheduled his case for sentencing on Friday, October 16, 2015, at 9:30 a.m. (Doc. 34).

5. The facts in this case are not in dispute. On May 9, 2015, a United States Coast Guard Cutter ("Midgett") observed a Go-Fast Vessel in international waters approximately 260 nautical miles from the border of Nicaragua and Costa Rica (PSIR ¶10). The Midgett approached the Go-Fast Vessel and encountered Mr. Mero-Bermello along with his two co-defendants.

*Id.* No one claimed to be the master of the vessel. *Id.* All defendants claimed they had departed from Columbia. *Id.* The Midgett contacted both Columbia and Ecuador, but neither country could confirm or deny the nationality of the vessel and the vessel was declared stateless. *Id.* Thirty-one (31) bales of cocaine were removed from the Go-Fast Vessel totaling 600 kilograms of cocaine. *Id.*

6. In a post-*Miranda* interview, Mr. Mero-Bermello admitted his guilt and explained how he became involved in the adventure (PSIR ¶12).

7. The PSIR has been disclosed in this case and, initially, no objections were going to be filed in this case. However, undersigned counsel did submit an objection regarding Mr. Mero-Bermello receiving a minor-role reduction for this Court to consider due to an amendment to U.S.S.G. §3B1.2(b) (Amendment 2015).[1] Nevertheless, the PSIR currently reflects that Mr. Mero-Bermello's total offense level is 33 and his criminal history category is I (PSIR ¶¶17-30). This results in an advisory range of imprisonment of 135 –

---

[1] If this Court were to grant Mr. Mero-Bermello a minor-role reduction the following would apply: his base offense level would start at level 34 and not 38; a two-level reduction for safety-valve; a two-level reduction for minor-role; this yields an adjusted offense level of 30; a three-level reduction for acceptance of responsibility; and this results in a total offense level of 27. A total offense level of 27 and a criminal history category of I results in an advisory range of imprisonment of 70–87 months. *See* DX I. However, Mr. Mero-Bermello's statutory minimum-mandatory penalty is 120 months (10 years). *See* PSIR ¶52 & 53.

168 months (PSIR ¶53). However, the minimum-mandatory penalty in this case is 120 months incarceration (PSIR Face Sheet and ¶52).

8. However, due to the nature and circumstances of the instant offense, the history and characteristics of Mr. Mero-Bermello, and the need for the forthcoming sentence to afford <u>adequate deterrence</u>, Mr. Mero-Bermello requests this Court impose the minimum-mandatory sentence of one hundred and twenty (120) months incarceration pursuant to 18 U.S.C. § 3553(a) and the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

9. As outlined above, Mr. Mero-Bermello is facing an advisory term of incarceration of 135 - 168 months (PSIR ¶¶26, 30, & 53).

10. In this case, Mr. Mero-Bermello requests this Court consider the following highlighted factors set forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

 (1) **the nature and circumstances of the [instant] offense** and **the history and the characteristics of the defendant;**

 (2) the need for the sentence imposed-

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) **to afford adequate deterrence to criminal conduct**;

      (C)    to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    [the applicable Sentencing Guidelines];

(5)    any pertinent [Sentencing Guidelines] policy statement;

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added). *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (same). <u>The Guidelines are only one of the factors</u> to consider when imposing sentence and §3553(a)(3) directs the judge to <u>consider sentences other than imprisonment</u>. *Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586, 602 (2007) (emphasis added).

11.    It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as <u>an individual</u> and every case

as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

12. Pursuant to Section 3553(a), and the above cited case-law, Mr. Mero-Bermello requests this Court impose a reasonable sentence in this case. In particular, Mr. Mero-Bermello seeks a 120-month term of incarceration due to the following: the nature and circumstances of the instant offense, his history and characteristics, and the need for the forthcoming sentence to afford adequate deterrence.

### A. The Nature and Circumstance of the Offense

13. First, the instant offense is a serious offense and it is a violation of the law (PSIR ¶¶10-12). It involved approximately 600 kilograms of cocaine seized in the Eastern Pacific Ocean (PSIR ¶10). This cocaine was valued at over $18 million.

14. However, it should be noted that the circumstances of the instant offense are mitigated by the fact that the offense is absent any acts of violence committed by Mr. Mero-Bermello and/or his fellow co-defendants (PSIR ¶¶10-12).

15. Furthermore, once arrested and post-*Miranda*, Mr. Mero-Bermello admitted his guilt and explained how he became involved in this event (PSIR ¶12).

**B.    The History and Characteristics of Mr. Mero-Bermello**

16. In this case, the history and characteristics of Mr. Mero-Bermello speak for themselves. *See*, generally, PSIR ¶¶27-50. That is to say, Mr. Mero-Bermello has had no prior criminal offenses (PSIR ¶¶10-33). As a result, Mr. Mero-Bermello has zero criminal history points---he is in the lowest criminal history category and he receives the safety-valve due to his good criminal history (PSIR ¶18 & 30).

17. Ultimately, in life, one is responsible for his own conduct. However, as this Court is aware, the instant case usually involves "drug king-pens" who hire poor fishermen from their country to try to smuggle cocaine to other countries in exchange for promises to pay large sums of money if the fishermen successfully return home from the drug venture. The instant case is no different from the well-known drug cultures stemming from such countries as Columbia and Ecuador.

18. In this case, that is exactly what happened. Mr. Mero-Bermello was hired to try to successfully transport cocaine to another country and he was given $2,000 upfront and promised an additional $18,000 if he returned from the trip (PSIR ¶12). Clearly, the 600 kilograms of cocaine seized by the Government did not belong to Mr. Mero-Bermello---who is a po' man, a fisherman since age 13, and who has only a first grade education (PSIR ¶¶49 & 50). Yet, despite his very limited education, Columbian/Ecuadorian drug king-pens entrusted him and his co-defendants with over $18 million worth of cocaine and now Mr. Mero-Bermello faces a 135 – 168 month term of incarceration and even a possible prison sentence of life (PSIR ¶¶52 & 53).

19. Mr. Mero-Bermello has three children with Mariuxi Mendezo Masia; ages eight (8), five (5), and two (2) (PSIR ¶¶41 & 42).

20. Again, there is no escaping the fact that one is responsible for his own conduct/actions in life. However, as in all criminal cases, this Court is being requested to consider Mr. Mero-Bermello's upbringing and any contributing factors that may have "assisted" in his committing the instant offense. In this case, Mr. Mero-Bermello takes full responsibility for his conduct, but undersigned counsel argues that Mr. Mero-Bermello's country's culture and poverty also contributed to his poor decision to participate in instant

criminal conduct.

21. Finally, as outlined in the PSIR, Mr. Mero-Bermello has no history of drug abuse that would indicate that he was involved with cocaine or any other illicit drugs (PSIR ¶¶47 & 48).

**C.  The Need for the Sentence to Afford Adequate Deterrence**

22. Mr. Mero-Bermello requests this Court consider the above in imposing a reasonable sentence in this case.

23. Additionally, a reasonable sentence imposed in this case, the suggested one hundred and twenty (120) months incarceration will serve to punish Mr. Mero-Bermello for his instant criminal conduct.

**D.  Just Punishment for the Offense**

24. Finally, the one hundred and twenty (120) months incarceration requested in this case, under the facts surrounding this case, would not be one greater than necessary and it would accomplish all of the factors arrayed at Section 3553(a). Also, such a sentence would be just punishment for the offense committed in this case.

**WHEREFORE**, Mr. Mero-Bermello prays this Court will impose the requested 120-month prison sentence in this case.

DATED this 15th day of October, 2015.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Alec_Hall@fd.org
*Attorney for Defendant Mero-Bermello*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of October, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Walter E. Furr III

*/s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Assistant Federal Defender

# DXI

# Memo

To:         Diane L. Tremmel, United States Probation Officer
From:       Alec F. Hall, Assistant Federal Public Defender
Date:       October 7, 2015
Subject:    *United States v. Pedro Antonio Mero-Bermello*
            Case No. 8:15-CR-170-T-26TBM

## OBJECTIONS

After review of the PSIR, Mr. Mero-Bermello has the following objections:

### PART A.   THE OFFENSE

**Paragraphs 17**---Mr. Mero-Bermello objects to the failure to apply a two-level minor role reduction.  *See* USSG §2D1.1(a)(5) and USSG §3B1.2 (Amendments 2015).  As a result, Mr. Mero-Bermello believes his base offense level should start at level 34.

Paragraph 20---Mr. Mero-Bermello objects to the failure to apply a two-level minor role reduction in this case.  *See* USSG §3B1.2 (Amendments 2015).

Paragraph 22---Due to the above objections, Mr. Mero-Bermello believes his adjusted offense level should be 30 and not 36.

Paragraph 26---Due to the above objections, and after application of a three-level reduction for acceptance of responsibility, Mr. Mero-Bermello believes his total offense level should be 27.

### PART D.   SENTENCING OPTIONS

**Paragraph 53**---Due to the above objections, Mr. Mero-Bermello believes his total offense level is 27 and his criminal history category is I.  This results in a range of imprisonment of 70-87 months.  However, Mr. Mero-Bermello is aware that his mandatory-minimum penalty is 120 months incarceration.

Sincerely yours,


**By: */s/ A. Fitzgerald Hall***
A. Fitzgerald Hall, Esq.
Assistant Federal Public Defender

cc:     Walter E. Furr, III, Assistant United States Attorney